FILED & JUDGMENT ENTERED
Steven T. Salata

Dec 19 2013

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T Beyer*
Laura T. Beyer
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANGELA DIANE MILLENDER | ) | CASE NO. 12-30910 |
| AKA: ANGELA DIANE BELL | ) | |
| SSN: XXX-XX-1523 | ) | CHAPTER 13 |
| | ) | |
| | ) | |
| DEBTOR | ) | |

### CONSENT ORDER SETTLING MOTION FOR RELIEF FROM STAY AND AWARDING ATTORNEY FEES AND COSTS

THIS CAUSE coming on to be heard and being heard before the undersigned United States Bankruptcy Judge for the Western District of North Carolina upon request of SUNTRUST MORTGAGE, INC. ("STMI"), to lift the automatic stay.

And it appearing to the Court and the Court finding from the record and stipulation of counsel that STMI is a Secured Creditor holding a claim against the Debtor secured by the Debtor's principal residence located at 1719 Dunnington Court, Charlotte, NC; that the Debtor's confirmed Chapter 13 Plan provides that pre-petition and post-petition payments are to be paid through the Debtors Chapter 13 Plan. The payments, late charges, attorney fees and costs through November 30, 2013, are $5,011.68. A breakdown of the arrearage is as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| Payments | 08/13 - 11/13 | $1,096.42 | x | 4 | = | $4,385.68 |
| Bankruptcy Attorney Fees and Costs | | | | | | $626.00 |
| TOTAL ARREARAGE THROUGH November 30, 2013 | | | | | | $5,011.68 |

The Debtor is prepared to hereafter maintain payments throughout her Chapter 13 Plan in accordance with the provisions and terms of this Order.

NOW, THEREFORE, based upon the foregoing findings of fact and conclusions of law, and with the consent of all parties, it is hereby ORDERED, ADJUDGED and DECREED as follows:

United States Bankruptcy Court

Firm Case No: 1121490 (BK.FAY)    BK Case No: 12-30910

1. The Debtor will timely pay all sums due under the Chapter 13 Plan directly to the Chapter 13 Trustee.  All parties acknowledge that all payments are due on or before the last business day of each month.

2. Since the filing of this Motion, the Trustee has disbursed funds in the amount of $1,930.00. After application of $1,930.00, the remaining post-petition arrearage is $3,081.68.

3. The amount of $626.00 for attorney fees and costs shall be put inside the Debtor's Chapter 13 Plan. The Trustee is hereby authorized to increase the payment or to extend the Debtor's Chapter 13 Plan a sufficient number of months to accommodate this additional claim due STMI. This amount is to be added to the existing arrearage claim due STMI, classified as a secured claim, and paid pro-rata by the Trustee with other secured claims. After placing the $626.00 inside the Debtor's Chapter 13 Plan, the remaining post-petition arrearage is $2,455.68.

4. The Debtor's attorney, David William Hands, is awarded the presumptive fee of $450.00 for defense of STMI Motion for Relief from Stay. Said $450.00 is to be paid through the Debtor's Chapter 13 Plan. The Trustee is hereby authorized to increase the payment or to extend the Debtor's Plan as needed to accommodate this claim.

5.  The amount of $2,455.68 represents the post-petition arrearage through the month of November 1, 2013 shall be paid through the Debtor's Chapter 13 Plan.

6.  Effective with the December 1, 2013 payment, STMI shall receive its regular monthly payments (currently $1,096.42) by disbursement through the Chapter 13 Plan.

7. In the event Trustee does not receive any payment from the Debtor under this Order by the 30th day of the month in which the payment is due, then the automatic stay and restraining Order entered in this case are hereby modified without further notice or hearing and the Debtor's property is released for foreclosure/repossession by STMI or the then note holder as provided for by the terms of the security instrument. Said modification will occur immediately upon the Debtor's default and the waiting period of F.R.B.P. 4001(a)(3) will not apply. In the event that a default does occur, STMI shall be entitled to collect attorney fees and costs incurred in connection with such default. This provision shall expire 12 months from the date of this Order.

8. In the event the Debtor defaults after proper notice, if any, has been given pursuant to paragraph (7) above, Movant/note holder will file a Notice of Lift of Stay with the court. Upon filing of the Notice of the Lift of Stay, the Trustee is hereby directed to cease disbursements on the pre-petition claim due the Movant/note holder. Note holder (or Assignee) is allowed 180 days from the time the Relief of Stay is entered to liquidate the real property and file a documented deficiency claim with the Chapter 13 Trustee.

9. In the event relief from the automatic stay is obtained, the Creditor shall not be required to file a Notice of Mortgage Payment Change or a response to the Trustee's Notice of Final Cure contemplated by Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.

United States Bankruptcy Court

Firm Case No: 1121490 (BK.FAY)    BK Case No: 12-30910

\_/s/ S. Troy Staley_____
S. TROY STALEY, ATTORNEY FOR MOVANT

\_/s/ David William Hands_____
DAVID WILLIAM HANDS, ATTORNEY FOR DEBTOR

NO PROTEST/NO OBJECTION

\_/s/ Warren L. Tadlock_____
WARREN L. TADLOCK, TRUSTEE

This Order has been signed electronically.                United States Bankruptcy Court
The Judge's Signature and Court's seal appear
at the top of the Order.

United States Bankruptcy Court